UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:22-CV-00265-RGJ-CHL

CAMRON TOOGOOD,                                                    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,          Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court are the Motion to Exclude Plaintiff from Offering Expert Testimony filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") (DN 16) and the Joint Status Report (DN 19) filed by State Farm and Plaintiff Camron Toogood ("Toogood") wherein Toogood requested an extension of certain deadlines and State Farm objected.  Toogood has responded to State Farm's motion, and State Farm filed a reply.  (DNs 18, 20.)  Therefore, these matters are ripe for review.

**I.      FACTUAL BACKGROUND**

On March 23, 2022, Toogood filed the instant lawsuit against his insurance company, State Farm.  (DN 1-1.)  Toogood brought claims for underinsured motorist benefits and bad faith related to a May 5, 2020, car accident involving with a non-party, Hodan Hassan ("Hassan").[1]  (*Id.*).  On May 17, 2022, State Farm removed the action to this Court.  (DN 1.)  On August 2, 2022, this Court entered a scheduling order setting certain deadlines for this action as follows:

| | |
|---|---|
| Fact Discovery | April 1, 2023 |
| Plaintiff's Expert Disclosures | June 1, 2023 |
| Defendant's Expert Disclosures | July 15, 2023 |
| Expert Discovery | August 14, 2023 |
| *Daubert*/Dispositive Motions | September 1, 2023 |
| Pretrial Conference | March 5, 2024 |
| Trial Date | April 15, 2024 |

---

[1] Toogood's bad faith claims were bifurcated at the Parties' request.  (DN 10.)

(DN 11.)  As part of that same scheduling order, this matter was set for a status conference before the undersigned on July 12, 2023.  (*Id.*)  When Toogood's counsel did not appear for that status conference, the Court directed the Parties to file "a joint status report that addresse[d] their progress in discovery and settlement negotiations."  (DN 12.)  On the deadline for submitting that report, State Farm filed a unilateral status report indicating that its counsel had not been able to reach Plaintiff's counsel, it believed fact discovery was complete, expert discovery would be complete by the deadline set by the Court, and this matter was ripe for a mediation or settlement conference. (DN 13.)  Given Plaintiff's counsel's unresponsiveness, the Court set this matter for an August 24, 2023, in person conference. (DN 14.) After the order setting the in person conference was entered but before the conference occurred, the Parties filed a joint status report advising that they did not agree on next steps in the case.  (DN 15.)  Consistent with its prior report, State Farm again indicated that its fact discovery was complete; its expert discovery would be complete by the Court's August 14, 2023, deadline; and it believed this matter was ripe for a settlement conference or mediation.  (*Id.*)  Toogood stated that "new facts have come to light during discovery that require additional discovery to be performed."  (*Id.*)

A few days after their joint report was filed, State Farm filed the instant Motion to Exclude Plaintiff from Offering Expert Testimony.  (DN 16.)  State Farm argued that the Court should prevent Toogood from offering any expert witnesses pursuant to Fed. R. Civ. P. 37(c)(1) because he failed to disclose any expert witnesses prior to the expiration of the Court's deadline for doing so.  (*Id.*)  It argued that Toogood could not show that his violation was either substantially justified or harmless as required to avoid mandatory exclusion under Fed. R. Civ. P. 37.  (*Id.*)

At the August 24, 2023, status conference in this matter, Toogood's counsel advised the Court that he had been experiencing unexpected health complications that hampered his efforts to

move this case forward and that overlapped in time with the deadlines set by the Court.  (DN 17.)
Toogood's counsel also represented that unexpected testimony from his client and his client's
mother during fact discovery created issues regarding liability that he did not anticipate and that
he believed required further discovery.  As to State Farm's motion, he represented that the only
experts he intended to call at trial were non-retained treating physicians whose identities and
opinions were already known to the Parties.  Because it appeared the Parties had not yet had a
chance to confer regarding potential changes to the schedule in this matter, the Court directed them
to confer and submit an additional joint status report to the Court with a detailed proposal of what
discovery Toogood would still like to complete, a proposed timeline for completing that discovery
if permitted, and a statement as to whether State Farm agreed or objected to Toogood's proposal.
(*Id.*)

The Parties' resulting joint status report advised the Court that the Parties had reached little
agreement.  (DN 19.)  Toogood stated that he would like to complete additional fact discovery
including to obtain the police officer's body camera footage from the accident scene; to take
statements from the police officer and Hassan; and to depose Hassan, the police officer, and State
Farm's expert witnesses Dr. Timothy Allen and Dr. Richard Edelson.  He represented that all those
witnesses were located in Louisville and that he believed his proposed discovery from at least
Hassan and the police officer could be completed no later than November 7, 2023, depending on
the availability of those witnesses.  Toogood requested that the Court extend the current deadlines
to permit him to complete this discovery, indicating that he could disclose his expert witnesses
within fourteen days of the Court's order if permitted to do so.  State Farm objected to the entirety
of Toogood's proposal though it conceded that if permitted, November 7, 2023, was a reasonable

deadline for completing the discovery from the police officer and Hassan.  As to deposition of its experts, it expressed concern that those depositions would not be able to be completed until 2024.

Toogood also responded to State Farm's motion.  (DN 18.)  He represented that he sent a detailed demand letter to State Farm prior to suit being filed to which was attached a thirty-two page report with exhibits from Dr. David Changaris, one of Toogood's treating physicians.  He indicated that he disclosed Toogood's treating providers as potential witnesses in his initial disclosures in this matter as well as indicated in response to one of State Farm's interrogatories regarding his expert witnesses that he intended to call his treating physicians/medical providers. Toogood's counsel indicated that throughout the course of this matter, he "began experiencing unexplained health issues."  (*Id.* at PageID # 176.)  He represented that he was hospitalized in October 2022; his conditioned worsened unexpectedly in April 2023, resulting in additional time in the hospital and cardiac surgery the last week of April; he spent time doing rehabilitation in May 2023; and as result of his medical treatment, he was prescribed multiple medications the side effects of which included memory loss.[2]  He represented that his medical treatment overlapped closely with the deadlines in this case, including the June 1, 2023, deadline for Toogood's expert disclosures.  He argued that any "failure to formally file expert disclosures in accordance with the Court's Scheduling Order [wa]s harmless and substantially justified."  (*Id.* at 177.)  He emphasized that as trial of this matter was not scheduled until April 15, 2024, there was still sufficient time for both Parties to conduct any necessary expert discovery.  He argued that State Farm had been in possession of the opinions of his treating providers throughout discovery and that if necessary, sanctions other than exclusion were available to the Court.

---

[2] Counsel represented that his medication has since been adjusted such that he anticipates no further issues.

In its reply, State Farm reiterated its argument that Toogood's failure to comply with the Court's Scheduling Order was neither substantially justified nor harmless.  (DN 20.)

The Court will address both State Farm's motion and Toogood's requests regarding extension of the deadlines below.

## II.      DISCUSSION

### A.      Legal Standards

#### 1.      Fed. R. Civ. P. 37

Rule 37(c)(1) provides that

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).  "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."  *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn. P.C.*, 388 F.3d 976, 983 (6th Cir. 2004).  The Sixth Circuit has adopted a five-factor test for determining if a failure to disclose is justified or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)).  The core goal of this evaluation is to "separate[e] 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion."  *Bisig v. Time Warner Cable Inc.*, 940 F.3d 205, 221 (6th Cir. 2019) (quoting *Bentley v. Highlands Hosp. Corp.*, No. CV 15-97-ART-EBA, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016) (internal citations omitted)).

In lieu of exclusion, a court may also award reasonable expenses, including attorney's fees caused by the failure to disclose; inform the jury of the failure; or impose other appropriate sanctions including, but not limited to, treating facts as established for purposes of the action, prohibiting a party from introducing matters into evidence, striking pleadings, staying further proceedings, dismissing the action, rendering a default judgment, or treating the failure to disclose as contempt of court.  Fed. R. Civ. P. 37(c)(1).

### 2.     Extension of a Scheduling Order

Pursuant to Fed. R. Civ. P. 6(b)(1), the court may for good cause extend the time to do an act if the request is made before the original time to do the act expires.  Fed. R. Civ. P. 6(b)(1).  However, if the time to act has expired, the party must demonstrate that it failed to act because of excusable neglect.  *Id.* at 6(b)(1)(B).  In evaluating whether a party has shown excusable neglect, the Court must balance five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith."  *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

### B.     Analysis

### 1.     State Farm's Motion to Exclude (DN 16)

There is no dispute that Toogood failed to disclose expert witnesses in accordance with the Court's scheduling order.  But under Fed. R. Civ. P. 37, that is not the end of the inquiry.  As set forth above, exclusion is only justified where the failure to disclose was neither substantially justified nor harmless.  Applying the *Howe* factors in this case, the Court concludes that Toogood's

failure to serve expert disclosures identifying his treating physicians as expert witnesses was substantially justified and/or harmless.

As to the first factor, the surprise to the party against whom the evidence would be offered, State Farm had ample notice both of Toogood's intent to call his treating physicians in this matter and of the identities of those individuals. Toogood attached a report dated September 28, 2020, from his treating physician Dr. David G. Changaris to his presuit demand to State Farm. (DN 18, at PageID # 175; DN 18-1.) In his initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(A), Toogood listed "Plaintiff's medical providers" and specified six different offices, individuals, or entities that treated him underneath that heading. (DN 18-2, at PageID # 219-20.) State Farm posed an interrogatory to Toogood requesting that he identify each person he intended to call as an expert witness in this matter. (DN 16-1, at PageID # 83-84.) While Toogood objected because "[n]o decision has been made regarding expert witnesses to use at trial of this matter," he also stated that he "anticipate[d] calling one or more of the treating physicians/medical providers who have been identified during this case" and that he "anticipate[d] that such physician/provider would testify regarding the nature and scope of the injuries, causation, future treatment, and the reasonable and necessity [*sic*] of medical treatment and costs." (*Id.* at PageID 84.) His answers to interrogatories also contained numerous references to his medical providers including Dr. Changaris and others. (DN 16-1.) State Farm even listed Toogood's medical providers, including Dr. Changaris, in its initial disclosures. (DN 18-3.) Further, neither party seems to dispute that State Farm was in possession of Toogood's medical records. Therefore, the Court finds that State Farm was aware both of the identities of Toogood's medical providers and Toogood's intent to call them such that no true surprise exists in this case.

As to the second factor, the ability of that party to cure the surprise, and the third factor, whether allowing the evidence would disrupt the trial in this matter, the Court finds that these too weigh in favor of a finding that Toogood's failure to disclose was substantially justified and/or harmless. Should Toogood's disclosures include any unanticipated testimony from his medical providers, there remains sufficient time before trial to address those issues, especially if the Court likewise grants Toogood's request to modify the current schedule. State Farm relies heavily in its motion on *Alexander v. Walgreens Co.*, No. 118CV00069GNSHBB, 2019 WL 6736227, at *1 (W.D. Ky. Dec. 11, 2019). The Court finds this case distinguishable from *Alexander* in its procedural posture. The *Alexander* court considered the issue of a failure to disclose an expert in the context of a fully-briefed motion for summary judgment in which defendant contended that failure to proffer expert testimony was fatal to plaintiff's claims. Here, no dispositive or *Daubert* motions have yet been filed and the Court can adjust the schedule to allow sufficient time both for proper disclosures by Toogood and any necessary reaction by State Farm. Even though these schedule modifications might ultimately require the Court to reset the trial date, this matter is not particularly aged and delaying the trial to later in 2024 poses no serious prejudice to either Toogood or State Farm.

As to the fourth factor, the importance of the evidence, given that this is a UIM case, Toogood's injuries and medical treatment are central pieces of evidence in this matter. The Parties should be permitted to fully explore these issues at trial, including through the testimony Toogood seeks to elicit from his treating physicians.

The final factor, the explanation for Toogood's failure to disclose in this case—his counsel's health issues—likewise weighs in favor of a finding that Toogood's failure was substantially justified or harmless. It would have been preferable for Toogood's counsel to seek

an extension before allowing the deadline for expert disclosure and discovery to expire. But given the serious and unexpected nature of the health issues experienced by counsel, that alone is insufficient to penalize either Toogood or his counsel here.

In view of the above discussion, State Farm's motion will be denied.

### 2.      Toogood's Requested Extension

Toogood also requested an extension of a number of deadlines, including ones that expired prior to his request. While neither he nor State Farm addressed the excusable neglect factors set forth above, the present record is sufficient for the Court to conclude that excusable neglect exists. As to the first factor, the danger of prejudice to State Farm, the Court cannot see how an extension prejudices State Farm. The discovery Toogood now wishes to take does not appear to involve any unanticipated issues or issues that the passage of time will prevent the Parties from fully addressing at this juncture. Additionally, because of the type of case, the Court cannot imagine that the discovery State Farm has already completed does not overlap with exactly what Plaintiff will disclose and/or find in his proposed new inquires. As to the second factor, for the same reasons set forth above, the length of any delay occasioned by an extension will be minor in view of the age and procedural posture of this case. As to the third factor regarding the reason for the delay, while resetting expired deadlines is never this Court's preference, given counsel's unanticipated health issues, doing so seems reasonable under the circumstances. As to the fourth factor regarding the delay being within the reasonable control of the moving party, Toogood's counsel could have been more proactive in seeking an extension on the front end of his difficulties. As to the fifth factor, there is no evidence of bad faith before the Court. On balance, the Court finds that Toogood has demonstrated excusable neglect and will therefore extend the requested deadlines as set forth below.

However, both the Court and the Parties have an interest in seeing this matter brough to a "just, speedy, and inexpensive" resolution. Fed. R. Civ. P. 1. Accordingly, both Parties are cautioned that further extensions in this matter are unlikely and will be granted only upon a showing of extraordinary circumstances. While the Court is aware that the deadlines below span the holiday season, in view of the fact that the Court is resetting expired deadlines, the Court expects the Parties to expend greater than average effort to resolve scheduling difficulties and to accommodate complicated schedules. Should any issues arise, those issues should be brought to the Court's attention on a witness-by-witness basis and any request should be accompanied by a detailed description of how the Parties attempted to meet the deadlines below.

Accordingly, the Court will grant Toogood's request for an extension and extend the deadlines as set forth below. The Court will also direct the Parties to confer and schedule a settlement conference with the undersigned for after the close of fact discovery in this matter.

## III.   ORDER

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1)   State Farm's Motion to Exclude Plaintiff from Offering Expert Testimony (DN 16) is **DENIED**.

(2)   Toogood's request for modification of the current schedule (DN 19) is **GRANTED**. The Court's prior scheduling order (DN 11) is hereby amended as follows:

(a)   **<u>Fact Discovery</u>**.  The Parties shall complete the additional fact discovery listed by Toogood in DN 19 no later than **November 25, 2023**.

(b)   **<u>Expert Disclosures.</u>**

(i)   Identification of experts in accordance with Rule 26(a)(2) shall be due:

|  |  |
|---|---|
| By Plaintiff: | no later than **fourteen days after entry of this memorandum opinion and order** |
| By Defendant: | no later than **twenty-one days after service of Plaintiff's disclosures** |

    (ii)    At the time expert reports and supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty days shall be provided.

(c)    <u>**Expert Discovery**</u>. The Parties shall complete all expert discovery no later than **January 15, 2024**.

(d)    <u>**Dispositive and Expert Motions**</u>. No later than **February 15, 2024**, counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The party filing the last pleading in response to such motions shall notify the Court by email to the Court's Deputy, Ms. Andrea Morgan by email at [andrea_morgan@kywd.uscourts.gov](mailto:andrea_morgan@kywd.uscourts.gov), with copies to opposing counsel, that the motions are ripe for decision.

(e)    <u>**Pretrial Conference**</u>. The Pretrial Conference previously set for March 5, 2024, is **RESCHEDULED** to **August 6, 2024, at 2:00 p.m. ET** at the Gene Snyder U.S. Courthouse, Louisville, Kentucky before the trial judge. The deadlines for pretrial filings and responsibilities at the pretrial conference remain as set forth in the Court's August 2, 2022, order (DN 11).

(f) **Trial.** The jury Trial previously set for April 15, 2024, is **RESCHEDULED to September 9, 2024, at 9:30 a.m. ET** at the Gene Snyder United States Courthouse, Louisville, Kentucky.   Counsel should be present in the courtroom by 9:00 a.m. The anticipated length of trial is four days.   The Western District of Kentucky's plan for the qualification and random selection of jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info.   Pursuant to Section 5.02 of the Plan, "the names of persons assigned to individual petit jury panels, as well as the contents of their juror qualification questionnaires, may be disclosed to the parties seven days prior to the trial date unless otherwise ordered by the court."

(g) All remaining provisions of the Court's prior scheduling order (DN 11) remain in full effect.

(3) On or before **November 10, 2023**, the Parties shall consult with their respective decisionmakers[3] and jointly contact the undersigned's Case Manager, Theresa Burch, via e-mail at theresa_burch@kywd.uscourts.gov to schedule a settlement conference for December 2023 or January 2024.   The Parties shall advise in that e-mail whether they request that the conference take place in person or via Zoom.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record, Jury Administrator

---

[3] The Court's Order for Settlement Conference will be more specific regarding who the Court considers an appropriate decisionmaker to participate in the settlement conference. However, in brief, the Court will require the attendance of each natural person party and a representative from each entity party employed by the entity party with full settlement authority, meaning that the individual can both approve a settlement and change the party's settlement posture during the course of the settlement conference. Should there exist an insurance carrier which may be liable for all or part of a possible judgment, an authorized representative of that insurance carrier employed by the insurance carrier shall also be required to attend.

October 30, 2023